UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS V. AMORIM ) <br>     Plaintiff ) <br> ) <br> V. ) <br> ) <br> K & K FISHING CORP. ) <br>     Defendant ) <br> ) | Civil Action <br><br> No. _____ |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

**General Factual Allegations**

1. The Plaintiff, Carlos Amorim, is a resident of South Dartmouth, County of Bristol, Commonwealth of Massachusetts.

2. The Defendant, K & K Fishing Corp., is a corporation, organized and existing under the laws of the Commonwealth of Massachusetts.

3. On or about March 12, 2019, the Defendant, K & K Fishing Corp., was doing business within the Commonwealth of Massachusetts.

4. On or about March 12, 2019, the Plaintiff, Carlos Amorim, was employed by the Defendant, K & K Fishing Corp.

5. On or about March 12, 2019, the Plaintiff, Carlos Amorim, was employed by the Defendant, K & K Fishing Corp., as a seaman, and a member of the crew of the F/V MARY K.

6. On or about March 12, 2019, the Defendant, K & K Fishing Corp., owned the

F/V MARY K.

7. The Defendant, K & K Fishing Corp., chartered the F/V MARY K from some other person or entity such that on or about March 12, 2019 the Defendant, K & K Fishing Corp. was the owner pro hac vice of the F/V MARY K.

8. On or about March 12, 2019, the Defendant, K & K Fishing Corp., operated the F/V MARY K.

9. On or about March 12, 2019, the Defendant, K & K Fishing Corp., or the Defendant's agents, servants, and/or employees, controlled the F/V MARY K.

10. On or about March 12, 2019, the F/V MARY K was in navigable waters.

11. On or about March 12, 2019, while in the in the performance of his duties in the service of the F/V MARY K, the Plaintiff, Carlos Amorim, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Carlos Amorim, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and alternatively 28 U.S.C. §§ 1333.

## COUNT I

### Carlos Amorim v.  K & K Fishing Corp.

**(JONES ACT NEGLIGENCE)**

15. The Plaintiff, Carlos Amorim, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Carlos Amorim, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Carlos Amorim, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Carlos Amorim, demands judgment against the Defendant, K & K Fishing Corp., in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Carlos Amorim v.  K & K Fishing Corp.

**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

19. The Plaintiff, Carlos Amorim, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, Carlos Amorim, were due to no fault of his, but were caused by the Unseaworthiness of the F/V MARY K.

21. As a result of said injuries, the Plaintiff, Carlos Amorim has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Carlos Amorim, demands judgment against the Defendant, K & K Fishing Corp., in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Carlos Amorim v.  K & K Fishing Corp.

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, Carlos Amorim, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Carlos Amorim, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Carlos Amorim, demands judgment against the Defendant, K & K Fishing Corp., in the amount of $200,000 for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II AND III.**

        Respectfully submitted for the
        the Plaintiff, CARLOS V. AMORIM,
        by his attorney,

        /c/ Carolyn M. Latti
        Carolyn M. Latti
        BBO #567-394
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000
        clatti@lattianderson.com

Dated: February 8, 2022